UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEENAN K. COFIELD,            )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 14-0494 (KBJ)
                              )
ANTHEM BLUE CROSS             )
BLUE SHIELD *et al.*,         )
                              )
        Defendants.           )

## MEMORANDUM OPINION

Plaintiff Keenan K. Cofield is currently a Maryland state prisoner incarcerated in Westover, Maryland.[1] In the *pro se* complaint, plaintiff alleges that as a doctor and apparent owner of the Injury Center of Maryland between January 1 and December 31, 2011, he treated patients that defendants Anthem Blue Cross Blue Shield in Richmond, Virginia, and Anthem Blue Cross Blue Shield in Woodland Hills, California, insured. Plaintiff alleges that, during that time, he "submitted hundreds of claims" for payment but defendants "knowingly, willingly, purposely, negligently, in a massive pattern and issues, violated and breached the contractual agreement and/or obligation to pay the

---

[1] The Injury Center of Maryland is also listed as a plaintiff, but artificial entities cannot appear in federal court without licensed counsel. *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)); *see also Prunte v. Universal Music Group*, 484 F. Supp.2d 32, 38 (D.D.C. 2007) ("[A]ny artificial entity, whether a corporation, partnership or association, cannot proceed in federal court without counsel[.]"). Hence, the Injury Center of Maryland is hereby dismissed as a party-plaintiff.

1

claims of their members." (Compl., ECF No. 2-1 pp. 59-61, ¶ 1.) As a result, plaintiff allegedly "went out of business in 2012, with losses that exceeded . . . millions of dollars . . . ." (*Id.* ¶ 3.)

Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield, and Blue Cross of California, d/b/a Anthem Blue Cross, removed this case from the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1441(a)(b) based on diversity jurisdiction. (Not. of Removal, ECF No 1, ¶¶ 12-18.) Before this Court at present is defendants' motion for dismissal under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. (Defs.' Mot. to Dismiss, ECF No. 4.)

Plaintiff has until June 23, 2014, to respond to defendants' dispositive motion, *see* May 20, 2014 Order, but has moved in the meantime to transfer the case to the United States District Court "for the Middle District of California Los Angeles, CA." (*See* Mot. to Transfer-Pursuant to 28 U.S.C. [§] 1406(a), and 28 U.S.C. [§] 1391(1)(2), ECF No. 7, at 1.)[2] Given the statutory bases of plaintiff's motion, the Court finds that plaintiff has conceded the impropriety of venue in this district and will now rule on both parties' pending motions.

---

[2] Since there is no "Middle District of California" and the federal district court in Los Angeles is located in the Central District, *see* 28 U.S.C. § 84, the Court assumes that plaintiff is seeking a transfer to the Central District of California. Regardless, this is yet one more civil action that plaintiff has filed in the District of Columbia that does not belong here. *See Cofield v. FCC*, No. 14-522 (D.D.C. Jun. 3, 2014) (transferring case to the District of Maryland); *Cofield v. United States Attorney General*, No. 14-111 (D.D.C. May 7, 2014) (same); *Cofield v. Corizon, Inc.*, No. 13-1442 (D.D.C. Dec. 12, 2013 (same).

2

Section 1391 of Title 28 of the United States Code, cited by plaintiff, generally "govern[s] the venue of all civil actions brought in [U.S.] district courts." 28 U.S.C. § 1391(a)(1). Under the circumstances presented here, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." *Id.*, § 1391(b)(2); *cf.* § 1391(b)(1) (creating venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"); § 1391(b)(3) (creating venue in the judicial district having personal jurisdiction over "any defendant" when "there is no district in which an action may otherwise be brought"). Section 1406(a) of Title 28 of the United States Code, also cited by plaintiff, authorizes a district court to dismiss "a case laying venue in the wrong . . . district . . . or if it be in the interest of justice, [to] transfer such case to any district . . . in which it could have been brought." *Id*.

Plaintiff states that "[t]he [d]efendants who are properly named and served in this case are located primarily in California, where the incidents and acts occurred in this district and jurisdiction." Pl.'s Mot. to Transfer ¶ 2. Defendants counter that venue would not be proper in California because (1) Anthem-VA is not a resident of California, (2) plaintiff's assertions as to where the events occurred are "wholly conclusory," and (3) the complaint's allegations do not establish "a substantial connection to California." (Defs.' Opp'n to Pl.'s Mot. to Transfer, ECF No. 8, at 2-3.) The Court agrees with those reasons and finds that the interest of justice would not be served by transferring this case to the Central District of California or any other judicial district.

Accordingly, the Court will deny plaintiff's motion to transfer and, finding the venue question uncontested, will grant defendants' motion to dismiss the case under Rule 12(b)(3) for improper venue. A separate order accompanies this Memorandum Opinion.

*Ketanji Brown Jackson*
Ketanji Brown Jackson
United States District Judge

Date: June 19, 2014